Nott, Ch. J.,
delivered the opinion of the court:
The inconvenience of requiring a widow to bear the costand expense of perhaps uselessly taking out letters.of administration upon her husband’s estate as a prerequisite to bringing a suit upon a trivial demand against the Government is one *229 which should not be insisted upon by the court unless' the law and the circumstances of the case make it an imperative necessity.
Moreover, in this particular case the defendants raised no objection to the party claimant by plea or demurrer (but pleaded to the merits) until after the statute of limitation would bar a new action by her as administratrix.
A third reason is that in this court it is not a question of costs or technical defense. On the contrary the Government desires that all cases shall if possible be determined upon the merits. Such is the theory by virtue of which the court exists — that where the citizen has a good and meritorious cause of action and brings his suit in due time he shall succeed.
In the case of Lippett (100 U. S., 663), notwithstanding the imperative words of the statute that a claim “ shall be forever barred unless the petition setting forth a statement thereof is filed in the court” within six years after the claim first accrued (Rev. Stat., § 1069), the Supreme Court held that where a claim filed in an Executive Department was kept under advisement until after it would be barred by the statute and was then transmitted by the head of the Department to this court, under section 1063, the claim was not barred, but the petition was to be deemed by relation to have been filed as of the time when the claim was presented to the Department. If a claimant is in fault, if his claim was not presented to an Executive Department until a suit upon it is barred in this court, he, of course, gains nothing by having it referred here by the Department. (Finn’s Case, 123 id., 227).
Equally well may it be said here, where a widow has brought a suit upon an asset of her husband’s estate and the defendants have raised no objection until the statute will bar the bringing of a new suit, that the filing of her petition as administratrix should be deemed to relate back to the time when she filed her original petition as widow.
Even in common law cases the English courts have allowed an official assignee in bankruptcy to be joined as plaintiff to save the suit from the operation of the statute (Brown v. Fullerton, 13 Mees. & Wels., 556), and have allowed eight new parties to be joined as plaintiffs to perfect a partnership, the party plaintiff. (Carne v. Malins, 6 L. & Eq., 568.) In the *230 last of these oases the parties who instituted the suit were no more the partnership than the widow in this case was the administratrix. It was in effect a substitution of parties allowable in the discretion of the court in furtherance of justice.
In all such cases the only legal question is as to the power of the court j the rest is in its discretion. This court has held in numerous equity and some law cases that a substitution of parties might be made within certain limitations. Those limitations were that the suit must have been instituted in good faith by one having some interest in the cause of action or some legal relation with the person who should have brought the action and that a new suit could not then be instituted by him.
Thus, where the suit was brought by the heir instead of the administrator, by the wife instead of the husband, by the bankrupt instead of the assignee, by the cestui que trust instead of the trustee, substitution was allowed. (Thomas’s Case, 15 C. Cls. R., 336.)
In the first of these instances, the Cowan’s Infants Case (5 C. Cls. R., 107), the court said:
“ The object of the statute was substantially attained if the real parties in interest notified the Government by suit brought within the proper time of their interest in these particular proceeds in the Treasury, and it is of little consequence whether the suit was commenced by the right or the wrong representative, so long as it ivas brought for the party really entitled to receive the net proceeds.”
In the last, Duran’s Case (31 C. Cls. R., 553), it was said:
“The court will not allow a meritorious cause of action to fail because of a mistake of parties or attorneys if it can be saved by amendment. This principle, so declared in the abandoned and captured property cases, was never departed from, and was never disapproved-by the Supreme Court.”
Among the intermediate cases was a celebrated one, the Elgee Cotton Gases (7 C. Cls. R., 605; 22 Wall. R., 180), in which the suit had been brought by the children of the deceased owner. All except one discontinued; and she, after the expiration of the statutory period for bringing suits, was allowed to amend and prosecute as executrix, as in the present case. In the Supreme Court the question as to her right to maintain the action was raised and argued, but the court directed judgment in her favor as executrix. It is immaterial that the statute there was a jurisdictional restriction as to time, and the *231 statute here an ordinary statute of limitations. The object and the principle are the same in both. (Jackson v. Austin, 10 Pet., 480.)
During the years which have intervened since the decision in the Cowan’s Infant Case there have been numberless instances where poor claimants have been allowed both by the Government and the court to prosecute as widow or child, without being put to the expense of administration, until a successful termination of the case was fairly in view, and have then been allowed to amend by bringing in the administrator. The court would regret a change in practice that must inevitably subject such parties to what would often be a wasted trouble and expense. In this case the widow is the chief dis-tributee of the estate of the deceased whom she is entitled to represent as administratrix. It is not to be assumed that the estate is wholly insolvent. By the law of her domicile she has a priority in distribution. If she succeeds in this suit, her first duty will be to pay the money which she recovers- as adminis-tratrix to herself as widow. This is a sufficient reason why the discretion of the court should be exercised.
The judgment of the court is that the claimant as adminis-tratrix recover $85.39.